UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GUY EDWARD THOMAS | * | CIVIL ACTION |
| VERSUS | * | NO.: 08-4960, SECTION 7 |
| METROPOLITAN LIFE INSURANCE COMPANY | * | JUDGE LEMMON |
| | * | MAGISTRATE JUDGE ROBY |

\* \* \* \* \* \* \* \* \* \* \* \*

**RESPONSE/MEMORANDUM IN OPPOSITION TO THE MOTION TO TRANSFER UNDER 28 U.S.C. § 1404 (a), OR IN THE ALTERNATIVE, FOR A STAY PENDING FINAL ACTION BY THE MDL COURT, OR DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(3) SUBMITTED BY METROPOLITAN LIFE INSURANCE COMPANY**

**BACKGROUND:**

Plaintiff, Guy Edward Thomas, filed a Petition for Damages in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, which was removed to the United States District Court for the Eastern District of Louisiana on November 19, 2008, on the bases of Diversity Jurisdiction; and was allotted herein.

On December 19, 2008, defendant Metropolitan Life Insurance Company, hereafter referred to as "MetLife", wrote to the Panel on Multi District Litigation ("J P M D L"), requesting that the Panel issue a Conditional Transfer Order relative to the Metropolitan Life Insurance Sales Practices Litigations, MDL 1091. No Conditional Transfer Order was issued, in fact, the "Case Listing Report" marked as Exhibit 1; stated that the instant proceeding was **not related**. Emphasis added.

1

On June 3, 2009 MetLife filed a Motion to Enforce Settlement in the United States District Court for the Western District Pennsylvania, asking the Court to enforce the settlement in the MDL 1091 Litigation, and enjoin Mr. Thomas' case in Louisiana.

On June 24, 2009, plaintiff Edward Guy Thomas filed his Response/Memorandum In Opposition via electronic filing in the Pennsylvania Court.

On June 7, 2009 MetLife filed in the United States District Court, for the Eastern District of Louisiana, a Motion to Transfer Under **28 U.S.C., Section 1404**, or in the alternative, for a Stay pending final action by the MDL Court, or Dismissal pursuant to the **Federal Rule of Civil Procedure 12(B)(3)**. These motions are scheduled for Hearing on July 15, 2009. The foregoing is the Response/Memorandum In Opposition to the motion filed on behalf of Metropolitan Life Insurance Company.

## GENERAL BACKGROUND CONCERNING THE JUDICIAL PANEL AND CONDUCT OF MULTI DISTRICT LITIGATION:

"In 1968, as a result of the experience of the Federal Courts in disposing of the massive electrical equipment antitrust cases, Congress enacted **28 U.S.C. Section 1407**, creating the Judicial Panel on Multidistrict Litigation. This section authorizes the Panel to transfer civil cases which are pending in different districts and involve common factual questions to one district for consolidating pre-trial proceedings. The language of **Section 1407**, appears to require that the Panel make three (3) separates distinctive findings before it may order transfer; that one or more common questions of facts exist; that transfer will promote the just and efficient conduct of the individual suits; and that the transfer will be for the convenience of the parties and the witnesses. Thus **Section 1407**, directs the Panel to balance gains in efficiency and the economy for the judiciary and some parties against inconvenience, added expense, and loss of forum choice for others".

"The Panel has approached transfer decisions by first examining the cases before it to determine whether consolidated pretrial is likely to produce significant savings of time for the judges".

Although a variety of factors such as type of litigation, and the progress of discovery the original districts are relevant to whether **Section 1407** transfer will promote efficient judicial administration, the existence of common questions of fact is the chief indicator of potential administrative savings".  See, Harvard Law Review, March 1974, page 1 and 2, entitled "1001 The Judicial Panel and the Conduct of Multidistrict Litigation", Copyright 1974 by the Harvard Law Review Association.

The Panel has already found this case unrelated to the MDL 1091 litigation.

## **ARGUMENT:**

Plaintiff did not receive notification of the Class Action Proceeding in Pennsylvania, including the settlement, or have any knowledge of any benefit related to MDL 1091 Litigation, and submits an Affidavit to attest to that fact.  See, Exhibit No. 2.

MetLife has suggested plaintiff's cause of action in the state proceeding, now removed to the Federal Court hereun is enjoined by the settlement approved in the MDL 1091 Litigation.

The Judicial Panel on Multi District Litigation stated, Mr. Thomas' case was not related to the MDL 1091 case.  See, Exhibit No. 1.  This single suit original filed in State court now removed to Federal court, which relates to different issues from the MDL 1091, clearly disqualifies this case as a potential candidate for transfer tag along, injunction, or dismissal.

It is respectfully submitted that Mr. Thomas' suit is not a member of the 1091 Litigation. Further, the procedural maneuvering employed by MetLife, "through the use of combination of several devices including **Section 1404** and **Section 1407** transfer and dismissal are designed only to achieve disposition in the transferred court involving disproportionate investments of judges' and attorneys' time" and significant cost to Mr. Thomas. See, Harvard Law Review, page 6.

By way of general background, the 1091 Litigation contains the following allegations which are contained in the "Finding of Fact and Conclusions of Law" submitted in this proceeding on Pages 4, 5, 6, and submitted as MetLife Exhibit B.

    2.    PLAINTIFFS' ALLEGATIONS IN MDL 1091.

    5.    <u>The "Churning" Allegations.</u>  Plaintiffs allege that MetLife engaged in sales practices which "involve[d] all persons who purchased life insurance or annuity policies from MetLife that were financed by the depletion of no forfeiture values from existing life insurance annuity policies…"  Amended Complaint. ¶1. In particular, plaintiffs claim that MetLife "misrepresented the amount of out-of-pocket premium the replacement policy would require and concealed or omitted material information about the true nature, risks, and costs of the replacement transactions that were involved." *Id.* at ¶3. Plaintiffs define a "replacement" policy[as] one which is financed by, inter alia, the use of equity, cash value, dividends, interest or premiums from an existing policy." *Id*. at ¶ 62. Plaintiffs also assert that MetLife engaged in sales of "life insurance or annuity policies that were characterized and/or charged as new (i.e. not replacement or something other than replacement when, in fact, the later policies were replacements of the existing policies and should have been characterized and/or charge as such…" *Id.* at 9.

4

6. <u>The Vanishing Premium and Performance Allegations</u>.  Plaintiffs allege that MetLife sold:

> Life Insurance policies that accumulate dividends and/or interest ("non-term policies") upon false and misleading policy illustrations and related documents that falsely represented the likelihood that future dividends and/or interest accrued on the policy would be sufficient to pay the entire premium of the policy after a specified amount of cash was paid out-of-pocket or from the non-forfeiture benefits of existing life insurance or annuity policies…

*Id.* ¶ 14.  These allegations focus on alleged misrepresentations within policy illustrations and related documents which purportedly "deceptively described the likelihood that the policyholders' cash payments would end or 'vanish' after paying a certain amount of money" *Id.*

7. <u>The "DAC Tax" Allegations</u>.  Plaintiffs claim that MetLife improperly "passed along to [its] universal life policyholders with policies issued in or before 1992" MetLife's federal DAC tax liabilities by raising the cost of insurance charged under certain of its universal life policies, allegedly in violation of the terms of their MetLife policies.  *Id.* ¶ 21.  Plaintiffs also allege that for owners of MetLife's Single Premium Life Policy, this alleged practice violated (i) express promises in sales literature that Single Premium Life policyholders "would never incur any tax liability" and (ii) "a contractual guarantee that MetLife would never pay less than 6% interest rate on their accumulated funds." *Id.* ¶ 23.

8. <u>The Qualified Plan Allegations</u>.  Plaintiffs assert that MetLife "utilized uniform sales presentations and related documents to market and sell" deferred annuities for the purposes of funding tax-qualified contributory retirement plans, such as Individual Retirement Accounts ("IRAs") and 401(k) plans, on the basis of a tax deferred.  *Id.* ¶ 25.

5

Plaintiffs further allege that MetLife "represented, through its uniform presentations and other documents, that deferred annuities were well suited for funding qualified plans." *Id.* ¶ 26.

9.  <u>The Investment Plan Allegations</u>. Plaintiffs allege that MetLife misrepresented to potential policyholders that its life insurance products were comparable to "investments or savings accounts, pension maximization or retirement plans, college tuition funding plans, mutual funds, or other types of investments or savings vehicles." *Id. ¶28*. Plaintiffs also allege that in connection with these misrepresentation, MetLife concealed from policy holders that the true nature of these products was life insurance, misrepresented "the true rate of return under the policy, as well as its relative suitability with respect to other investment plan vehicles," and concealed the fact "that only part of the premiums paid – those not covering mortality expenses, administrative costs and commissions – would earn any investment return." *Id.*

10. The representative plaintiffs assert claims, among others, encompassing each of the types of allegations set forth above, as follows: Charles V. Amodeo asserts DAC Tax allegations (*id.* ¶¶ 146-155); Dennis W. Biggs asserts Vanishing Premium and Performance allegations (*id.* ¶¶ 156-161); Joseph P. Garrett asserts DAC Tax and Churning allegations (*id.* ¶¶ 184-193); Richard L. Oddi asserts DAC Tax and Churning allegations (*id.* ¶¶ 194-203); Harvey J. Williams asserts Vanishing Premium, Performance and Churning allegations (*id.* ¶¶ 204-217); Arthur E. Leach asserts Churning and Qualified Plan allegations (*id.* ¶¶ 218-231); Ronald Ray Hess asserts Churning allegations (*id.* ¶¶ 232-243); and Michael A. Rankin asserts Investments Plan allegations (*id.*¶¶ 244-251).

11.     Although MetLife has agreed to settle the claims asserted in this Action, MetLife does not concede that it engaged in any wrongful conduct and denies all of plaintiffs' allegations.  MetLife asserts that many of plaintiffs' claims result from economic conditions of MetLife's control.

**THE ALLEGATIONS BY GUY EDWARD THOMAS IN LOUISIANA SUIT:**

The allegations of Mr. Thomas' suit do include a Churn allegation, however, the occurrence relates to an incident in the year 2008.  The "Class Period" relating to the 1091 MDL Litigation, in ¶ 28, of the Settlement Agreement on Page 12, is as follows:

28.     "Class Period" means the period from January 1, 1982 through December 31, 1997, inclusive.  See MetLife Exhibit D.

Further the Settlement provisions do not include claims base upon a guarantee rate of return.  The evidence in this particular case will include written documentation of a guaranteed 12% rate of return.  Documents will show that Mr. Thomas paid approximately THIRTY-FIVE THOUSAND FIVE HUNDRED SIXTY-EIGHT ($35,568.00) DOLLARS of premium which MetLife now values at last than FIVE THOUSAND ($5,000.00) DOLLARS; in addition to a unilateral change in the terms of insurance to occur in the year 2009.

The allegations on Mr. Thomas' case falls outside the Class Action Settlement, the issues are not related to the MDL 1091 Litigation, and plaintiff should be entitled to have this matter heard before the Eastern District Court in the State of Louisiana.

Therefore, Guy Edward Thomas respectfully request that the motions by MetLife be denied.

Respectfully Submitted:

s/C. Michael Winters_____
C. MICHAEL WINTERS, LSBA #13607
4916 Transcontinental Drive
Metairie, LA  70006
(504) 456-8201

ATTORNEY FOR GUY EDWARD THOMAS

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of July, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Virginia Roddy, Counsel for Metropolitan Life Insurance Company. I further certify that I mailed the foregoing document by United States first-class mail.

                                        s/C. Michael Winters
                                        C. MICHAEL WINTERS, LSBA #13607
                                        4916 Transcontinental Drive
                                        Metairie, LA  70006
                                        (504) 456-8201
                                        (504) 456-5884 (FAX)





06/03/2009 17:18 FAX 202 502 2888  JPML  @002/002

**Judicial Panel on Multidistrict Litigation - Case Listing Report**

Report is Ordered by District and Case #

Docket: 1091 - IN RE: Metropolitan Life Insurance Company Sales Practices Litigation
Status: Transferred on 02/20/1996
Transferee District: PAW  Judge: Ambrose, Donetta W.
Transferee District Master Docket No.:

Printed on 06/03/2009

Page 1

| Civil Action/Type | Short Caption | Notes | Judge | CTO | Initiation - Date | Transferee Civil # | Disposition | - Date | Termination | - Date |
|---|---|---|---|---|---|---|---|---|---|---|
| **LOUISIANA EASTERN** | | | | | | | | | | |
| 2-08-4960 | Thomas v. Metropolitan Life Insurance Co. | Not related. No CTO per RN (dh) | Lemmon | | No Action Taken 12/23/2008 | | No Action Taken | 12/23/2008 | No Action Taken | 12/23/2008 |

**REPORT SUMMARY and FILTERS**

Docket: 1091 - Metropolitan Life Insurance Co. SP
District: LAE
For Case Initiation = No Action Taken
For Terminated Cases with the phrase NOT RELATED

There is 1 Case on this Report

0 XYZ Actions        0 Transferred Actions
0 Suspense Actions   0 Terminated Actions



# EXHIBIT 2

# AFFIDAVIT

STATE OF LOUISIANA

PARISH OF JEFFERSON

BEFORE ME, the undersigned Notary Public, personally came and appeared:

GUY EDWARD THOMAS, a person of the full age of majority, and plaintiff in a lawsuit filed entitled, Guy Edward Thomas v. Metropolitan Life Insurance Company, pending in the United States District Court, for the Eastern District of Louisiana under Docket No. 08-4960.

In a Response/Memorandum In Opposition to Enforce Settlement Agreement filed by Metropolitan Life Insurance Company, in MDL Litigation No. 1091, undersigned submits this Affidavit that he did not receive any formal or informal notification by Metropolitan Life Insurance Company concerning the MDL No. 1091 Litigation pending in the instant Court.

FURTHER, to his knowledge he has not received any benefit.

GUY EDWARD THOMAS

Sworn to and subscribed
Before me, this ___ day
of _____, 2009.

C. MICHAEL WINTERS, NOTARY PUBLIC

C. Michael Winters
Notary Public (# 13607)
State of Louisiana
Commission Issued For Life.

7

13